IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MEDICIS PHARMACEUTICAL CORPORATION, and DOW PHARMACEUTICAL SCIENCES, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 11-409 (LPS) (CJB) |
| v. | ) ) | |
| ACTAVIS MID ATLANTIC LLC, | ) ) | |
| Defendant. | ) | |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs Dow Pharmaceutical Sciences, Inc. ("Dow") and Medicis Pharmaceutical Corporation ("Medicis") (collectively, "Plaintiffs") will serve the subpoena *duces tecum* attached hereto as Exhibit A on Deutsche Bank AG ("Deutsche Bank"), located at 60 Wall Street, New York, NY 10005.

Plaintiffs request that Deutsche Bank produce copies of the documents and things set forth in Schedule A of the attached subpoena on August 28, 2012 at 10:00 a.m. at The Hilton Manhattan East, 304 East 42nd Street, New York, NY 10017, or at such other date, time, or location as may be agreed.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com
*Attorneys for Plaintiffs*

August 17, 2012
6254114.3

# EXHIBIT A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | | |
|---|---|---|
| Medicis Pharma. Corp. & Dow Pharma. Sciences | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 11-cv-409-LPS-CJB |
| Actavis Mid-Atlantic LLC | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Delaware ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Deutsche Bank AG, 60 Wall Street, New York, NY 10005

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A

| Place: The Hilton Manhattan East<br>304 East 42nd Street<br>New York, NY 10017 | Date and Time:<br>08/28/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___08/17/2012___

*CLERK OF COURT*

OR _____/s/_____

_____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Medicis Pharmaceutical Corporation & Dow Pharmaceutical Sciences, Inc. , who issues or requests this subpoena, are:

Jennifer Ying, Esquire, Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 18th Floor, P.O. Box 1347, Wilmington, DE 19899-1347
jying@mnat.com, 302.658.9200

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 11-cv-409-LPS-CJB

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Case 1:11-cv-00409-LPS-CJB   Document 190   Filed 08/17/12   Page 5 of 13 PageID #: 1833

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

### DEFINITIONS

1. "Medicis" means Medicis Pharmaceutical Corporation, its predecessors and successors, all past and present parents, subsidiaries, and divisions of any of the foregoing, and all past and present directors, officers, employees, agents, and representatives (including consultants, agents, servants, and attorneys) of any of the foregoing.

2. "Dow" means Dow Pharmaceutical Sciences, Inc., its predecessors and successors, all past and present parents, subsidiaries, and divisions of any of the foregoing, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing.

3. "Actavis" means Actavis Mid Atlantic LLC, together with all past and present parents, controlled and affiliated companies, subsidiaries and divisions of any of the foregoing, and all actual or alleged predecessors and successors to the foregoing, including all past and present agents, directors, principals, officers, employees, representatives, consultants, attorneys, and anyone acting on behalf of any of the foregoing.

4. "Watson" means Watson Pharmaceuticals, Inc., together with all past and present parents, controlled and affiliated companies, subsidiaries and divisions of any of the foregoing, and all actual or alleged predecessors and successors to the foregoing, including all past and present agents, directors, principals, officers, employees, representatives, consultants, attorneys, and anyone acting on behalf of any of the foregoing.

5. "Deutsche Bank," "You," and "Your" means Deutsche Bank AG, together with all past and present parents, controlled and affiliated companies, subsidiaries and divisions of any of the foregoing, and all actual or alleged predecessors and successors to the foregoing, including all past and present agents, directors, principals, officers, employees, representatives, consultants, attorneys, and anyone acting on behalf of any of the foregoing.

6. The "'383 Patent" means U.S. Patent No. 6,387,383 and all applications therefor.

7. "This Lawsuit" means Civil Action No. 11-cv-409-LPS-CJB pending in the District of Delaware.

8. "Medicis/Actavis Litigations" refers to This Lawsuit and *Medicis Pharmaceutical Corp. v. Actavis Mid-Atlantic LLC*, No. 2011-05448 pending in the state of Arizona.

9. The term "Actavis's proposed product" means Actavis's proposed generic product disclosed in Actavis's Pharmaceutical Development Report of Actavis's ANDA No. 20-564.

10. The term "Actavis Acquisition" shall mean Watson's proposed acquisition of Actavis Group, as announced on or about April 25, 2012, including any negotiations or due diligence investigations or processes associated therewith.

11. The term "Actavis Loan" shall mean any loan made by You in or around the year 2007, related to funding Actavis or the acquisition of Actavis by You or any third party, and any subsequent activity related to the servicing of such loan.

12. "Relates to," "relating to," and "related to" mean in whole or in part directly or indirectly constituting, containing, concerning, evidencing, showing, comprising, illustrating, embodying, reflecting, describing, analyzing, identifying, stating, referring to, dealing with,

commenting on, responding to, involving, mentioning, discussing, recording, supporting, negating or in any way pertaining to.

13. The words "document" and "documents" shall have the broadest meaning possible under the Federal Rules of Civil Procedure and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of notations or markings, or by appearing in the files of a separate person) of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including, but not limited to, all materials that constitute "writings" or "recordings" within the meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" within the meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "document" includes without limitation, and is intended to include without limitation, any handwritings, typewritings, printings, photostats, photocopies, drawings, drafts, charts, photographs, e-mail, tape recordings, filming, and every other form of recording upon any tangible thing, any form of communication or representation including letters, words, numbers, symbols, pictures, sounds, or combinations thereof, any stored information or databases, whether maintained on paper, magnetic or electronic media, floppy disks, CD-ROMs, hard drives, zip drives, tapes, or on other computer storage, or any other manner including the originals, or if the originals are unavailable, the duplicates of said documents, from which information can be obtained or translated.

14. The term "thing" means any tangible object, other than a document, and includes objects of every kind and nature including without limitation, prototypes, models, samples, and specimens.

15. The term "communication" includes, without limitation, any written or oral communication, including any conversation in person, by telephone, or by any other means. A document or thing transferred, whether temporarily or permanently, from one person to another shall be deemed to be a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee.

16. "And" or "or" shall be construed conjunctively or disjunctively so as to broaden the request rather than narrow it.

17. The terms "any" and "each" shall be construed to include and encompass "all."

18. The term "including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

19. The singular form of a word shall include the plural and vice versa, as necessary to make the request inclusive rather than exclusive.

20. For purposes of these requests, terms not specifically defined shall be given their ordinary meaning. If You are unable to understand the meaning of any term, You should immediately seek clarification through Your counsel.

**INSTRUCTIONS**

1. You are to search all documents within your possession, custody, or control, wherever located, including, but not limited to, any documents placed in storage facilities or in the possession of any subsidiary, parent, division, employee, agent, representative, attorney, investigator, or other persons acting or purporting to act on your behalf (whether located at his/her residence or place of business), in order to fully respond to the requests herein.

2. You are to produce the requested documents as they are kept in the ordinary course of business.

6254075                                    4

3. You are to produce documents from any single file in the same order as they were found in such file, including labels, files, folders, and/or containers in which such documents are located in or associated with. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

4. If you do not produce each document or thing requested herein as kept in the usual course of business, you must organize and label the documents or things produced to correspond with the particular document request to which the document or thing is responsive.

5. You are to produce the originals of any document requested and all copies thereon if any copy is other than identical to the original.

6. If any document responsive to any of these requests is withheld via the assertion of any privilege or immunity from production, please identify the following information for each document withheld at the time of production:

    (i) The type of document (e.g., "letter," "memorandum," "account statements," etc.);

    (ii) The date the document was prepared, and the date of any meeting or conversation reflected or referred to in the document;

    (iii) The name of each author, co-author, or preparer of the document and the name of each recipient or addressee, including each recipient of a copy of the document;

    (iv) If the document reflects or refers to a meeting or conversation, the name of each person who was present at or was a party to the meeting or conversation;

    (v) The subject matter of the information contained in the document;

    (vi) The length of the document;

    (vii) The nature of the privilege or immunity asserted; and

(viii)   A brief explanation of why the document is believed to be privileged or immune from production.

7.   If any document is not produced in its entirety or is produced in redacted form, indicate any and all omissions or redactions on the document. State with particularity the reason or reasons the materials were omitted or redacted, and, to the extent possible, describe the content of those materials. If privilege, work product, immunity or any similar claim is the basis for any redaction or omissions, indicate, where applicable, all information requested in Instruction No. 6 above.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**

All documents and things concerning the '383 Patent, Ziana®, or Actavis's proposed product, including, but not limited to, the documents You received from and/or provided to Actavis and/or Watson as part of the due diligence for the Actavis Acquisition.

**REQUEST NO. 2**

All documents and things concerning the Medicis/Actavis Litigations, including, but not limited to, the documents You received from and/or provided to Actavis and/or Watson as part of the due diligence for the Actavis Acquisition.

**REQUEST NO. 3**

All documents and things You received from and/or provided to Actavis and/or Watson in connection with the Actavis Acquisition referring and/or relating to Medicis.

**REQUEST NO. 4**

All documents and things referring and/or relating to Actavis's ANDA No. 202-564, including, but not limited to, any due diligence undertaken by You or on Your behalf and/or any analyses, assessments, and/or valuations thereof.

**REQUEST NO. 5**

All documents and things referring and/or relating to the Actavis Loan, including, but not limited to, any default thereto or payoff of the associated debt.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 17, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Dominick T. Gattuso, Esquire<br>PROCTOR HEYMAN LLP<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| Philippe Bennett, Esquire<br>Natalie C. Clayton, Esquire<br>Andrew Sterling, Esquire<br>ALSTON & BIRD LLP<br>90 Park Avenue<br>New York, NY  10016-1387 | *VIA ELECTRONIC MAIL* |
| Joseph J. Gleason, Esquire<br>ALSTON & BIRD LLP<br>One Atlantic Center<br>1201 W. Peachtree Street, Suite 4200<br>Atlanta, GA  30309-3424 | *VIA ELECTRONIC MAIL* |

*/s/ Jennifer Ying*
Jennifer Ying (#5550)