IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDICIS PHARMACEUTICAL CORPORATION, and DOW PHARMACEUTICAL SCIENCES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACTAVIS MID ATLANTIC LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) C.A. No. 11-409 (LPS) (CJB) ) ) ) ) ) |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs Dow Pharmaceutical Sciences, Inc. ("Dow") and Medicis Pharmaceutical Corporation ("Medicis") (collectively, "Plaintiffs") will serve the subpoena attached hereto as Exhibit A on Deutsche Bank AG ("Deutsche Bank"), located at 60 Wall Street, New York, NY 10005. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of Deutsche Bank, through one or more of its officers, directors, employees, or agents having the most knowledge concerning the topics set forth in the Schedule A attached to Exhibit A.

The deposition will commence on Tuesday, September 4, 2012 at 10:00 a.m. at The Hilton Manhattan East, 304 East 42nd Street, New York, NY 10017, or at a date and location mutually agreed upon by the parties, and will continue from day to day until completed. The deposition will be taken before a person duly authorized to administer oaths and will be conducted pursuant to the Federal Rules of Civil Procedure. The deposition will be videotaped and recorded stenographically.

                                                                                             MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                                                                             */s/ Jennifer Ying*
                                                                                           Jack B. Blumenfeld (#1014)
                                                                                           Jennifer Ying (#5550)
                                                                                           1201 North Market Street
                                                                                           P.O. Box 1347
                                                                                           Wilmington, DE 19899
                                                                                           (302) 658-9200
                                                                                           jblumenfeld@mnat.com
                                                                                           jying@mnat.com

                                                                                           *Attorneys for Medicis Pharmaceutical*
                                                                                           *Corporation and Dow Pharmaceutical*
                                                                                           *Sciences, Inc.*

August 17, 2012
6254095.3

# EXHIBIT A

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | | |
|---|---|---|
| Medicis Pharma. Corp. & Dow Pharma. Sciences | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 11-cv-409-LPS-CJB |
| Actavis Mid-Atlantic LLC | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Delaware ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Deutsche Bank AG, 60 Wall Street, New York, NY 10005

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Schedule A

| Place: The Hilton Manhattan East<br>304 East 42nd Street<br>New York, NY 10017 | Date and Time:<br>09/04/2012 10:00 am |
|---|---|

The deposition will be recorded by this method: __stenographic with LiveNote display; videotape__

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 08/17/2012

*CLERK OF COURT*

OR _____/s/ Jennifer Ying_____

_____
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Medicis Pharmaceutical Corporation & Dow Pharmaceutical Sciences, Inc. , who issues or requests this subpoena, are:
Jennifer Ying, Esquire, Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 18th Floor, P.O. Box 1347, Wilmington, DE 19899-1347
jying@mnat.com, 302.658.9200

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 11-cv-409-LPS-CJB

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## DEFINITIONS

1. "Medicis" means Medicis Pharmaceutical Corporation, its predecessors and successors, all past and present parents, subsidiaries, and divisions of any of the foregoing, and all past and present directors, officers, employees, agents, and representatives (including consultants, agents, servants, and attorneys) of any of the foregoing.

2. "Dow" means Dow Pharmaceutical Sciences, Inc., its predecessors and successors, all past and present parents, subsidiaries, and divisions of any of the foregoing, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing.

3. "Actavis" means Actavis Mid Atlantic LLC, together with all past and present parents, controlled and affiliated companies, subsidiaries and divisions of any of the foregoing, and all actual or alleged predecessors and successors to the foregoing, including all past and present agents, directors, principals, officers, employees, representatives, consultants, attorneys, and anyone acting on behalf of any of the foregoing.

4. "Watson" means Watson Pharmaceuticals, Inc., together with all past and present parents, controlled and affiliated companies, subsidiaries and divisions of any of the foregoing, and all actual or alleged predecessors and successors to the foregoing, including all past and present agents, directors, principals, officers, employees, representatives, consultants, attorneys, and anyone acting on behalf of any of the foregoing.

5. "Deutsche Bank," "You," and "Your" means Deutsche Bank AG, together with all past and present parents, controlled and affiliated companies, subsidiaries and divisions of any of the foregoing, and all actual or alleged predecessors and successors to the foregoing, including all past and present agents, directors, principals, officers, employees, representatives, consultants, attorneys, and anyone acting on behalf of any of the foregoing.

6. The "'383 Patent" means U.S. Patent No. 6,387,383 and all applications therefor.

7. "This Lawsuit" means Civil Action No. 11-cv-409-LPS-CJB pending in the District of Delaware.

8. "Medicis/Actavis Litigations" refers to This Lawsuit and *Medicis Pharmaceutical Corp. v. Actavis Mid-Atlantic LLC*, No. 2011-05448 pending in the Superior Court of the State of Arizona, County of Maricopa, either collectively or individually.

9. The term "Actavis's proposed product" means Actavis's proposed generic product disclosed in Actavis's Pharmaceutical Development Report of Actavis's ANDA No. 20-564.

10. The term "Actavis Acquisition" shall mean Watson's proposed acquisition of Actavis Group, as announced on or about April 25, 2012, including any negotiations or due diligence investigations or processes associated therewith.

11. The term "Actavis Loan" shall mean any loan made by You in or around the year 2007, related to funding Actavis or the acquisition of Actavis by You or any third party, and any subsequent activity related to the servicing of such loan.

12. "Relates to," "relating to," and "related to" mean in whole or in part directly or indirectly constituting, containing, concerning, evidencing, showing, comprising, illustrating, embodying, reflecting, describing, analyzing, identifying, stating, referring to, dealing with,

commenting on, responding to, involving, mentioning, discussing, recording, supporting, negating or in any way pertaining to.

13. The words "document" and "documents" shall have the broadest meaning possible under the Federal Rules of Civil Procedure and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of notations or markings, or by appearing in the files of a separate person) of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including, but not limited to, all materials that constitute "writings" or "recordings" within the meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" within the meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "document" includes without limitation, and is intended to include without limitation, any handwritings, typewritings, printings, photostats, photocopies, drawings, drafts, charts, photographs, e-mail, tape recordings, filming, and every other form of recording upon any tangible thing, any form of communication or representation including letters, words, numbers, symbols, pictures, sounds, or combinations thereof, any stored information or databases, whether maintained on paper, magnetic or electronic media, floppy disks, CD-ROMs, hard drives, zip drives, tapes, or on other computer storage, or any other manner including the originals, or if the originals are unavailable, the duplicates of said documents, from which information can be obtained or translated.

14. The term "thing" means any tangible object, other than a document, and includes objects of every kind and nature including without limitation, prototypes, models, samples, and specimens.

15. The term "communication" includes, without limitation, any written or oral communication, including any conversation in person, by telephone, or by any other means. A document or thing transferred, whether temporarily or permanently, from one person to another shall be deemed to be a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee.

16. "And" or "or" shall be construed conjunctively or disjunctively so as to broaden the request rather than narrow it.

17. The terms "any" and "each" shall be construed to include and encompass "all."

18. The term "including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

19. The singular form of a word shall include the plural and vice versa, as necessary to make the request inclusive rather than exclusive.

20. For purposes of these requests, terms not specifically defined shall be given their ordinary meaning. If You are unable to understand the meaning of any term, You should immediately seek clarification through Your counsel.

### TOPICS

1. Any due diligence undertaken by You or on Your behalf related to Actavis's ANDA No. 202-564 and/or the Medicis/Actavis Litigations, including, but not limited to, any analyses, assessments, and/or valuations thereof.

2. All discussions or communications between You and Actavis and/or Watson referring or relating to ANDA No. 202-564 and/or the Medicis/Actavis Litigations.

3. Your knowledge of Ziana®, and all discussions or communications with Actavis and/or Watson regarding Ziana®.

4. Your knowledge of Actavis's proposed product, and all discussions or communications with Actavis and/or Watson regarding Actavis's proposed product.

5. Your knowledge of the '383 Patent, and all discussions or communications with Actavis and/or Watson referring or relating to the '383 Patent.

6. Any and all Communications between You and FDA concerning Actavis's proposed product.

7. Your involvement in the Actavis Loan, including any default thereto or payoff of the associated debt.

8. Your role in the Actavis Acquisition.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 17, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Dominick T. Gattuso, Esquire<br>PROCTOR HEYMAN LLP<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| Philippe Bennett, Esquire<br>Natalie C. Clayton, Esquire<br>Andrew Sterling, Esquire<br>ALSTON & BIRD LLP<br>90 Park Avenue<br>New York, NY  10016-1387 | *VIA ELECTRONIC MAIL* |
| Joseph J. Gleason, Esquire<br>ALSTON & BIRD LLP<br>One Atlantic Center<br>1201 W. Peachtree Street, Suite 4200<br>Atlanta, GA  30309-3424 | *VIA ELECTRONIC MAIL* |

*/s/ Jennifer Ying*
Jennifer Ying (#5550)