# PROCTOR HEYMAN LLP

### ATTORNEYS AT LAW

300 DELAWARE AVENUE • SUITE 200 • WILMINGTON, DELAWARE 19801
TEL: 302.472.7300 • FAX: 302.472.7320 • WWW.PROCTORHEYMAN.COM

August 27, 2012

**VIA E-FILING**
**AND HAND DELIVERY**
The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

    RE:    *Medicis Pharmaceutical Corporation v. Actavis Mid Atlantic, LLC*
            C.A. No. 1:11-cv-00409 (LPS) (CJB)

Dear Judge Burke:

    We write on behalf of Actavis Mid-Atlantic LLC ("Actavis") to address the parties' pending discovery dispute. The presently ripe discovery dispute relates to the narrow issue of Plaintiffs' failure to provide Actavis with witnesses for certain of Actavis' noticed 30(b)(6) topics within the Court-ordered discovery period, and more generally to Plaintiffs' continual delay in providing Actavis with requested discovery. Because of Plaintiffs' systemic delay in providing Actavis with key discovery, Actavis, requests that the Court order the following:

1) Require Plaintiffs to immediately provide Actavis with witnesses and deposition dates for the 30(b)(6) topics outstanding;

2) Allow Actavis to notice additional discovery outside the discovery period in light of Plaintiffs' continued failure to provide timely discovery;

3) Extend the expert disclosure deadlines for expert reports related to invalidity, but not expert reports related to infringement.

    Although there are numerous outstanding issues with Plaintiffs' discovery failures, the parties are still conferring and many of these issues are thus not yet ripe. Actavis anticipates, however, that it will shortly be bringing to the Court's attention other discovery failures on the part of Plaintiffs, including, among others, their production of thousands of pages of highly relevant documents on the last day of discovery, their refusal to designate witnesses for 30(b)(6) topics concerning facts related to secondary considerations of nonobviousness, unproduced and improperly redacted documents, and the like.



The Honorable Christopher J. Burke
August 27, 2012
Page 2

## FACTS AND ARGUMENT

### *Plaintiffs' Failure to Provide Witnesses for Certain 30(b)(6) Topics*

Plaintiff have failed to provide Actavis with witnesses and deposition dates for several of the noticed 30(b)(6) topics, even though Plaintiffs have agreed to provide a witness to testify on these topics. In particular, Medicis has failed to provide Actavis with a witness and available dates for 3 topics for which it agreed to provide a witness. Dow has failed to provide Actavis a witness and available dates on 6 of the topics for which it agreed to provide a witness. Actavis requests that the Court order Plaintiffs to immediately provide Actavis with witnesses and available dates for these outstanding topics.

Actavis served its 30(b)(6) deposition notices on Medicis and Dow on July 16, 2012. Plaintiffs responded to these requests on August 3 and indicated that for the majority of the topics they would designate witnesses. *See* Exhibits 1 and 2[1].

With discovery set to close on August 17, 2012, the parties realized that it would be difficult to complete all of the noticed depositions by this scheduled date. Thus, the parties mutually agreed that depositions could continue to be taken after the close of discovery, through the end of August.

On Monday, August 6, 2012, Plaintiff Dow indicated that it was designating Dr. Gordon Dow for topics 6, 8-11, 13-15, 17-18, 20-21, 25-24, 27, 35-37, and 39. Dr. Dow's deposition took place on August 16, 2012. Plaintiffs did not designate a single other 30(b)(6) witness before the close of discovery, and notably, Medicis, did not designate a *single* 30(b)(6) for any of the 43 topics that Actavis had noticed before the close of discovery despite Actavis' numerous requests for these witnesses.[2] Indeed, to date, Actavis has not deposed a single party-witness. The three witnesses that it has deposed, Dr. Gordon Dow, Ms. Debra Dow, and Mr. Robert Lathrop, have all been treated by Plaintiffs as non-parties.[3]

Then, at 9:30 pm on Friday August 24, 2012, after Actavis notified Plaintiffs that it would be bringing Plaintiffs' failure to designate and provide 30(b)(6) witnesses to the Court's attention, Medicis provided witnesses and deposition dates for all topics on which it had agreed

---

[1] Note that both Plaintiffs have refused to provide witnesses on topics related to secondary considerations of nonobviousness. The parties are still discussing these topics, but it is Actavis' position that if Plaintiffs continue to refuse to produce witnesses on these topics, they should be prohibited from introducing any evidence on such topics at summary judgment or trial.

[2] Although Medicis originally indicated that Dr. Gordon Dow would be its 30(b)(6) designee on a few topics, Medicis withdrew that designation during Dr. Dow's deposition after Dr. Dow testified that he was not prepared to address the topics.

[3] Debra Dow and Robert Lathrop no longer work for Dow and are legitimately nonparty witnesses. Prior to his deposition, Plaintiffs' counsel claimed that Dr. Gordon Dow was not employed by Dow, and insisted that he be treated as a nonparty witness, even requiring Actavis to subpoena him, instead of agreeing to have him appear for deposition on notice. At his deposition, however, Dr. Dow testified that he was, in fact, employed by Dow.



to produce a witness except topics 16, 27 and 28, as well as proposed dates for these depositions. Two of the suggested dates were for the following Thursday and Friday, even though Medicis knew that there were already depositions of Actavis witnesses scheduled for these dates.[4]

Dow has still not provided a witness or deposition date for topics 1-5 and 7 of Actavis' 30(b)(6) notice, topics on which they have agreed to produce a witness. As noted above, Medicis has still not provided a witness or deposition date for topics 16, 27-28, topics on which they have agreed to produce a witness.

*Plaintiffs Continued Delay Tactics with Respect To Discovery Require a Unilateral Extension of the Discovery Period for Actavis as well as an Extension of the Deadline to File Expert Reports Related to Invalidity*

Moreover, although Medicis provided Actavis with witnesses and deposition dates for some of its 30(b)(6) topics this past Friday, Plaintiffs' delay tactics have insured that none of these depositions will take place before the end of August. Actavis has been prejudiced by the limited discovery afforded to Actavis to-date, and unless the period for Actavis to take discovery is extended, Actavis will be unable to issue any necessary follow-up discovery. Thus, in light of Plaintiffs failure to provide Actavis with timely discovery, Actavis requests that it be allowed to continue to conduct discovery for an additional two months, until October 19, 2012. Actavis also requests that the date for its opening expert report on invalidity be delayed until November 19, 2012, with responsive and reply expert reports on invalidity scheduled for December 17, 2012 and January 7, 2012, respectively. However, because Actavis has been prompt and timely in providing Plaintiffs with all of the fact discovery they have requested, Actavis submits that Plaintiffs should not benefit from an extended discovery period necessitated by their own delay, and that expert reports related to infringement should not be moved from the expert disclosure deadlines already in place.

## CONCLUSION

Plaintiffs have long been on notice of the deposition testimony that Actavis seeks yet have wholly failed to provide Actavis with witnesses in a timely manner. Actavis thus requests that the Court order Plaintiffs to immediately comply with the outstanding discovery, extend the discovery period for Actavis only, and extend the due dates for expert reports related to invalidity, but not those related to infringement.

We look forward to discussing these issues with the Court on Wednesday, August 29, 2012.

---

[4] Because of the previously scheduled depositions of Actavis witnesses and the other case obligations of Actavis' attorneys, Actavis will not be able to proceed on August 30th and 31st with the deposition of the identified Medicis witnesses. Actavis is hopeful that it can arrange other dates for these depositions with Medicis without the Court's intervention.



The Honorable Christopher J. Burke
August 27, 2012
Page 4

                                                                                   Respectfully,

                                                                                   */s/ Dominick T. Gattuso*

                                                                                   Dominick T. Gattuso (#3630)

cc:    All counsel of record (via e-filing)