MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 Fax

JACK B. BLUMENFELD
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

Original Filing Date: August 27, 2012
Redacted Filing Date: September 4, 2012

**REDACTED -- PUBLIC VERSION**

The Honorable Christopher J. Burke                                *VIA ELECTRONIC FILING*
United States District Court
For the District of Delaware
844 North King Street
Wilmington, DE 19801

    Re:    *Medicis Pharmaceutical Corporation v. Actavis Mid Atlantic, LLC*
            C.A. No. 11-409 (LPS) (CJB)

Dear Judge Burke:

    Plaintiffs Medicis and Dow submit this letter regarding two discovery issues for the August 29 telephone conference: (1) Defendant Actavis's inadequate responses to Plaintiffs' contention interrogatories 12, 16-24, and 26; and (2) the schedule for expert discovery.

## I.    INTERROGATORIES

    For months, Plaintiffs have been trying to obtain Actavis's noninfringement contentions. Following the Court's Report and Recommendation regarding claim construction (D.I. 115, adopted by D.I. 143), Plaintiffs propounded narrowly-tailored interrogatories requiring Actavis to state and explain its contentions with regard to the doctrine of equivalents and the "function, way and result" test.[1] Actavis, however, refuses to take a position with regard to these issues, despite having asserted a non-infringement counterclaim. Discovery is now closed and Actavis's unwillingness to take a position with regard to the contentions at issue is improper and highly prejudicial.

    A.    **Interrogatories 16-24.**    Plaintiffs' interrogatories 16-24 (Ex. A) ask Actavis to state and explain its contentions regarding the "function, way and result" performed and obtained for the claim element at issue (a lightly cross-linked polyacrylic acid polymer) and the polymers that Actavis has substituted in its place. Actavis's response to each of these interrogatories was virtually identical: "Actavis responds by referring Plaintiffs to Actavis' responses to interrogatory no. 8." (Ex. B.)

---

[1] Plaintiffs served interrogatory 12 on May 23 and interrogatories 16-26 on June 29. Actavis initially refused to respond to these interrogatories on the grounds that Plaintiffs had exceeded the allowed number of interrogatories. On July 18, the Court ordered Actavis to respond to these interrogatories by August 3 and Plaintiffs to limit interrogatory 11. July 18 Tr. at 32:8-22.

The Honorable Christopher J. Burke
August 27, 2012
Page 2

It is improper to answer an interrogatory by reference to a previous response, but even if it were not, Actavis's response to interrogatory 8 (Ex. C) does not address the specific contentions and questions about the "function, way, and result" asked. Actavis's response to interrogatory 8 does not state Actavis's contentions, nor does it provide the legal and factual basis for those contentions. For example, nowhere in its response to interrogatory 8 does Actavis state what its contentions are with regard to the "function" performed by the polyacrylic acid polymer, nor does it explicate the same for its substituted polymers. The same goes for "result." Does Actavis contend that the "function" of the polymers and the "results" obtained are the same, or are they different? And if they are different, why and in what way? After two years of litigation and with discovery now closed, Plaintiffs are entitled to know exactly what Actavis's contentions are.

"Modern instruments of discovery serve a useful purpose . . . . They together with pretrial procedures make a trial less a game of blind man's b[l]uff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *U.S. v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). To this end, this Court's Scheduling Order states, "The Court encourages the parties to serve and respond to contention interrogatories early in the case." D.I. 24, ¶ 3.d.ii. The value of contention interrogatories to the discovery process is well established. FED. R. CIV. P. 33(a)(2); *see also Adobe Systems Inc. v. Macromedia Inc.*, No. 00-743-JJF, slip op. at 1 (D. Del. Nov. 9, 2001) ("Contention interrogatories are an essential element of modern discovery.") (Ex. D).

Moreover, Rule 33(b)(3) requires that each interrogatory be answered "separately and fully." FED. R. CIV. P. 33(b)(3); *Sempier v. Johnson & Higgins*, 45 F.3d 724, 733 (3d Cir. 1995). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond" and warrants bringing a motion to compel. FED. R. CIV. P. 37(a)(3)(B). "Ordinarily, responses to interrogatories should not incorporate outside material by reference. Answers to interrogatories must be responsive to the question, complete in themselves, and should not refer to pleadings, depositions, other documents, or other interrogatories . . . ." 7-33 MOORE'S FEDERAL PRACTICE - CIVIL § 33.103; *see also Sempier v. Johnson & Higgins*, 45 F.3d 724, 733-34 (3d Cir. 1995) (finding interrogatory responses improper when they merely incorporated by reference other interrogatories and documents rather than setting out full and separate responses); *Equal Rights Center v. Post Properties, Inc.* 246 F.R.D. 29, 34 (D.D.C. 2007) ("Plaintiff responded by referring to its answers to Interrogatories 12 and 13, which are similar-but not identical-to Interrogatories 18 and 19. Because each interrogatory must be answered separately and fully, it was improper for Plaintiff to answer in this manner."); *Scaife v. Boenne* 191 F.R.D. 590, 594 (N.D. Ind. 2000) (finding that reference to another document is an improper means of answering an interrogatory).

Actavis's responses are improper and evasive. They improperly incorporate a response to a prior interrogatory, while avoiding the question being asked. Requiring Plaintiffs to sift through the response to interrogatory 8 to guess as to Actavis's contentions about function, way, and result is precisely the type of "blind man's bluff" litigation that the discovery rules are meant to avoid. Equally improper at this late stage is Actavis's apparent claim that the contention interrogatories are premature. During the August 9 meet and confer on this issue, Actavis's counsel explained that they could not respond because Actavis "had not finalized their position or contention." When asked if they would be able to provide a complete response if they were

The Honorable Christopher J. Burke
August 27, 2012
Page 3

given more time, the answer was "no." The deadlines for expert discovery, Daubert motions, and dispositive motions are fast approaching, and fact discovery is now closed. The time for Actavis to state its noninfringement contentions and make its positions clear has passed.

**B.  Interrogatory 12.** Plaintiffs' interrogatory 12 asks for detailed information about Actavis's decision to use ▮▮▮▮▮▮▮▮▮▮ and the facts considered and analysis undertaken in making that decision. This substitution is at the heart of this case, yet Actavis's entire response states only: "Some of the considerations taken into account by Actavis when choosing to use ▮▮▮▮▮▮▮▮▮▮ (Ex. B.) This answer is so deficient as to be completely meaningless. It does not even purport to explain any of the reasoning or analysis related to Actavis's decision to substitute polymers. For example, what about these factors weighed into the decision? How were they considered and analyzed? ▮▮▮▮▮▮▮▮▮▮ Actavis should be compelled to give a meaningful response to interrogatory 12.

**C.  Interrogatory 26.** Plaintiffs' interrogatory 26 asks, "State whether you contend that the container that Actavis will use for Actavis's proposed product has a sufficiently small orifice tip to dispense generally spherical quantities of Actavis's proposed product in accordance with treatment instructions, and describe in detail the legal and factual bases for your answer." This interrogatory draws on the Court's claim construction to learn what Actavis's contention is with regard to the container claims. Despite the fact that the interrogatory incorporates the language adopted by this Court (verbatim), Actavis refuses to provide a response on the grounds that "the phrase 'has a sufficiently small orifice tip to dispense generally spherical quantities of Actavis' proposed product in accordance with treatment instructions' is insolubly ambiguous." (Ex. B.) That simply repeats Actavis's rejected claim construction position. Actavis's belief that it has a claim of invalidity based on the Court's claim construction does not give it license to avoid responding to the interrogatory. Actavis should be ordered to respond to this interrogatory, using the construction adopted by the Court.

## II. EXPERT DISCOVERY SCHEDULE

Responses to Plaintiffs' contention interrogatories are both long overdue and necessary so that the Plaintiffs' experts can prepare their infringement reports and address Actavis's contentions. By failing to provide its contentions, Actavis keeps Plaintiffs and their experts guessing about the key issues that are in play.

The Scheduling Order provided the parties 35 days between the close of discovery and opening expert reports. *See* D.I. 24. Because Actavis's discovery responses remain outstanding and are long overdue, that window of time no longer exists. Actavis must respond to the outstanding discovery before Plaintiffs can prepare and provide an opening expert report on infringement. Accordingly, Plaintiffs ask the Court to order Actavis to respond to interrogatories 12, 16-24, and 26 within a time frame acceptable to the Court, and that opening expert reports be served 30 days after receipt of the contention interrogatory responses, rebuttal reports to follow 30 days later, and reply reports 14 days after rebuttal reports.

The Honorable Christopher J. Burke
August 27, 2012
Page 4

                              Respectfully,

                              */s/ Jack B. Blumenfeld*

                              Jack B. Blumenfeld (#1014)

JBB/dlw
Enclosures
cc:    Clerk of Court (Via Hand Delivery; w/ encl.)
        Dominick T. Gattuso, Esquire (Via Electronic Mail; w/ encl.)
        Philippe Bennett, Esquire (Via Electronic Mail; w/ encl.)
        Joseph J. Gleason, Esquire (Via Electronic Mail; w/ encl.)
        Michael A. Sitzman, Esquire (Via Electronic Mail; w/ encl.)