# PROCTOR HEYMAN LLP
## ATTORNEYS AT LAW

300 DELAWARE AVENUE • SUITE 200 • WILMINGTON, DELAWARE 19801
TEL: 302.472.7300 • FAX: 302.472.7320 • WWW.PROCTORHEYMAN.COM

August 28, 2012

**VIA E-FILING**
**AND HAND DELIVERY**                              REDACTED PUBLIC VERSION
The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

RE:   *Medicis Pharmaceutical Corporation v. Actavis Mid Atlantic, LLC*
      C.A. No. 1:11-cv-00409 (LPS) (CJB)

Dear Judge Burke:

We write on behalf of Actavis Mid-Atlantic LLC ("Actavis") in response to the issues raised in Plaintiffs' letter to the Court of August 27, 2012. Plaintiffs' arguments that Actavis' interrogatory responses are deficient are meritless. For each enumerated Interrogatory response, Actavis has provided Plaintiffs with all of the information currently available to Actavis. Indeed, unlike Plaintiffs, Actavis has consistently produced timely and complete discovery responses. As a result, Plaintiffs' request to extend the date for its opening expert report on infringement is also meritless. Actavis thus requests that Plaintiffs' motion to compel and to move certain deadlines be denied in its entirety.

## ARGUMENT

### *Actavis' Interrogatory Responses Are as Complete As Possible*

### *Actavis' Response to Interrogatory Nos. 16-24*

Actavis' response to Interrogatory No. 8 (Exhibit 1) sets forth in extensive detail Actavis' noninfringement position, including addressing with particularity Plaintiffs' allegation that the gelling agents of Actavis' proposed product function in the same way to achieve the same result as the claimed lightly crosslinked polyacrylic acid polymer. *See* Exhibit 1, at pp. 9-12. Indeed, Actavis just updated its response to this Interrogatory on Friday August 17, 2012. Given that Plaintiffs' Interrogatories 16-24 are directed to Actavis' noninfringement theories under the doctrine of equivalents, Actavis appropriately referred Plaintiffs to its prior response to Interrogatory No. 8. Plaintiffs nevertheless argue that they are somehow handicapped because, they say, Actavis' noninfringement position has not been made clear. But this is simply not the case. Indeed, Plaintiffs are not arguing that Actavis' Response to Interrogatory 8, which explains Actavis' noninfringement contentions, is deficient. Plaintiffs also do not argue that Actavis' response to Interrogatory No. 14 is deficient, even though Interrogatory No. 14 asks for Actavis' contention specifically with respect to the doctrine of equivalents, and even though Actavis responded by referring to Actavis' response to Interrogatory No. 8. This is because Actavis' response to Interrogatory No. 8 is incredibly thorough and provides Plaintiffs with all of the



The Honorable Christopher J. Burke
August 28, 2012
Page 2

information presently in Actavis' possession related to its noninfringement position, including all information Actavis has related to the "function, way and result" test. Furthermore, as noted by this Court when Actavis moved to have Plaintiffs provide more detail about its infringement theory, the question to be asked when determining whether a response to a contention interrogatory is sufficient is whether the party has a fair notice of the arguments the other party will be making, knowing that these arguments will be amplified at the discovery stage and after. *See* Exhibit 2 at pp. 33-40 (citing *Thorn EMI North America v. Intel Corp.*, 936 F. Supp 1186, 1191 (D. Del. 1996) and *Power Integrations vs. Fairchild Semiconductors*, Case No. 08-309 (D. Del June 25, 2009)). There is no question that Actavis' response to Interrogatory 8 provides Plaintiffs with adequate notice of Actavis' noninfringement position.

If Plaintiffs position were accepted as correct, it would essentially reverse the burdens of proof with respect to infringement. A defendant would be required to complete its investigation and analysis of noninfringement, including any investigations and analysis by its experts, before Plaintiffs even make their expert disclosures concerning infringement. Plaintiffs' present position is also directly contrary to the position that it took regarding its own infringement contentions this past June. Actavis moved to compel Plaintiffs to more fully supplement their Interrogatory response related to infringement. *See* Exhibit 3. Plaintiffs responded saying that they had provided Actavis with all information in their possession related to infringement, and objected to Actavis' motion to compel as prematurely seeking expert analysis. *See* Exhibit 4. The Court determined that Plaintiffs were not required to further supplement their Interrogatory response, and noted that amplified disclosures come in the form of expert reports. *See* Exhibit 2 and p. 39.

### *Actavis' Response to Interrogatory No. 12*

Plaintiffs allege that Actavis should be compelled to supplement its response to Interrogatory No. 12, which seeks a detailed description of "every factor, motivation, or rationale considered by Actavis in making the decision to use" its proposed gelling agents. (D.I. 199, Exh. B at 3.) Actavis objected on the grounds that Interrogatory No. 12 is incredibly broad and it is simply not possible to provide in an Interrogatory response "every factor, motivation or rationale considered" by anyone at Actavis during the development of the proposed product. (*Id.*) ███ ███████████████████████████████████████████████████████████████████ Plaintiffs' letter characterizes this response as deficient, but they have never explained what additional information they seek. Further, Plaintiffs have used other, more appropriate means of discovery to explore this same topic. For example, Actavis produced lab notebooks for the formulation scientists involved in developing Actavis' proposed product, and Plaintiffs have deposed all four individuals involved in the research and development of Actavis' formulation. Plaintiffs just deposed Actavis' 30(b)(6) witness on this topic last Thursday, Mr. Desai. Mr. Desai was



The Honorable Christopher J. Burke
August 28, 2012
Page 3

designated for and testified on topics related to the decision to use or not use certain gelling agents in Actavis' product, as well as how the '383 patent influenced such choices, and the overall development of Actavis' product. *See* D.I. 199, Exh. B, Topics 2-4 and Exhibit 5. Plaintiffs, thus, have extensive testimony from Actavis' witnesses regarding how and why Actavis selected its particular viscosity creating agents. Plaintiffs' allegations that they do not have this information is simply untrue. Indeed, as Interrogatory No. 12 is written, Actavis is unable to provide any information outside of the Interrogatory Response and the deposition testimony already provided, especially if Plaintiffs will not tell Actavis what additional information they seek.

*Actavis' Response to Interrogatory No. 26*

Interrogatory No. 26 asks Actavis to "State whether you contend that the container that Actavis will use for Actavis' proposed product has a sufficiently small orifice tip to dispense generally spherical quantities of Actavis' proposed product in accordance with treatment instructions, and describe in detail the legal and factual bases for your answer." As indicated by Actavis' response, Actavis cannot provide a response to this contention because it does not understand the meaning of the Court's construction; indeed, Actavis believes that the Court's construction remains so insolubly ambiguous that it is indefinite, which is precisely what Actavis' Interrogatory Response indicates. The Court's claim construction order indicated that Actavis could take this position. *See* D.I. 115 at p 29-30. Again, Actavis has no further information to provide to Plaintiffs in response to this topic because it cannot understand the definition recited therein.

***The Disclosure Period for Expert Reports Related to Infringement Should Not be Altered***

Plaintiffs argue that because Actavis' responses to Interrogatory Nos. 16-24 are allegedly incomplete, Plaintiffs should be afforded additional time to serve their opening expert report related to infringement. As an initial matter, and as discussed above, Actavis has made as full a disclosure as possible at this time of its noninfringement position. Indeed, Plaintiffs seemingly seek to reverse the burden and would have Actavis prove noninfringement before Plaintiffs are required to fully set forth their infringement position. Unlike Plaintiffs, Actavis has been timely and comprehensive in the discovery it has provided. Plaintiffs, thus, have no legitimate argument that its opening expert report on infringement should be delayed.

## CONCLUSION

For the foregoing reasons, Actavis requests that Plaintiffs' motion to compel further discovery and to move the due date for opening expert reports on infringement be denied.

We look forward to discussing these issues with the Court on Wednesday, August 29, 2012.



The Honorable Christopher J. Burke
August 28, 2012
Page 4

                                            Respectfully,

                                            */s/ Dominick T. Gattuso*

                                            Dominick T. Gattuso (#3630)

cc:    All counsel of record (via e-filing)