## MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

Original Filing Date: September 27, 2012
Redacted Filing Date: October 4, 2012
REDACTED -- PUBLIC VERSION

The Honorable Christopher J. Burke                                   *VIA ELECTRONIC FILING*
United States District Court
For the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    *Medicis Pharmaceutical Corporation v. Actavis Mid Atlantic, LLC*
             C.A. No. 11-409 (LPS) (CJB)

Dear Judge Burke:

      Plaintiffs Medicis and Dow submit this letter in response to Actavis's September 25th letter (D.I. 218) regarding its various demands for additional deposition witnesses and unredacted documents. As Actavis's letter notes, several of those issues were and are the subject of ongoing discussions between the parties. Indeed, only two remain for Friday's discovery conference: (1) whether Plaintiffs must produce witnesses to be deposed under Rule 30(b)(6) regarding secondary considerations of non-obviousness, and (2) whether Medicis must produce *seven* additional employees for deposition.

**Actavis's Demand for 30(b)(6) Witnesses on Secondary Considerations Topics**

      It is well-settled that contention depositions are not permitted in this District. *See, e.g., Axiohm IPS, Inc. v. Epson Am., Inc.*, C.A. No. 00-420-SLR, Tr. at 4:14-17 (D. Del. Mar. 28, 2001) ("We don't do contention depositions in this district") (Ex. A); *Reliant Pharms., Inc. v. Par Pharm., Inc.*, C.A. No. 06-774-JJF, Tr. at 19:23-21:5 (D. Del. Mar. 7, 2008) (Ex. B); *Tiegel Manu Co. v. Globe Union, Inc.*, C.A. No. 84-483-WKS, Tr. at 14:2-8 (D. Del. Oct. 5, 1984) (Ex. C). This is true regardless of whether Actavis's 30(b)(6) topics "are classified as asking for contention information as opposed to the facts supporting a contention." *Sciele Pharma, Inc. v. Lupin Ltd.*, C.A. No. 09-037-RBK-JS, Tr. at 47:16-19 (D. Del. May 11, 2012) (Ex. D); *see also Reliant*, Tr. at 20; *Pharmacia & Upjohn Co. v. Sicor, Inc.*, C.A. No. 04-833-KAJ, Tr. at 36:15-20 (D. Del. Oct. 11, 2005) (Ex. E); *ArthroCare Corp. v. Smith & Nephew, Inc.*, C.A. No. 01-504-SLR, Tr. at 13:20-14:5 (D. Del. Oct. 15, 2002) (Ex. F).

      Instead, the proper mechanism by which Actavis may investigate Plaintiffs' contentions regarding secondary considerations is through contention interrogatories. *Sciele*, Tr. at 47-49 (noting that "the information [Defendant] requests is more appropriately obtained via interrogatories rather than a Rule 30(b)(6) deposition."); *Reliant*, Tr. at 8:13-15 ("[I]n this district there is a practice that disfavors depositions on contentions in deference to interrogatories"); *Nokia Corp. v. InterDigital Comm'n Corp.*, C.A. No. 05-16, slip op. at 16 (D. Del. Jan. 15, 2007)

The Honorable Christopher J. Burke
September 27, 2012
Page 2

(Special Master Seitz) ("In contrast, questions regarding defenses that are expert-based, such as validity or inequitable conduct . . . are contention questions better suited for interrogatories.") (Ex. G).

*Reliant* and *Pharmacia* control here. In those cases, the defendant sought 30(b)(6) testimony on a variety of legal topics, including "[t]he factual bases" for each of the factors of secondary indicia of non-obviousness. *See* C.A. No. 06-774, D.I. 136 at ¶ 10 (Ex. H); *Pharmacia*, Tr. at 35:24-36:8. In granting the plaintiff's motion for a protective order, Judge Farnan stated, "in this district there is a preference that contention discovery be conducted by interrogatory even when factual information is sought, and then that information can be further probed in the course of the other available mechanisms for discovery." *Reliant*, Tr. at 20:16-21. Likewise in *Pharmacia*, Judge Jordan concluded that "inserting of the word 'facts' doesn't make [a deposition topic] less of an effort to get at what is essentially the legal position of the party" and held that it was more appropriate for the plaintiff to respond by answering a contention interrogatory on that topic. *Pharmacia*, Tr. at 36:15-37:11. Here, Medicis Topics 19-25 and Dow Topics 28-34 improperly seek 30(b)(6) testimony on what amounts to Plaintiffs' legal contentions for each of the factors of secondary considerations of non-obviousness. For example, Medicis Topic No. 22 and Dow Topic No. 31 seek 30(b)(6) testimony on "Whether Ziana® is a commercial success." D.I. 218, Ex. A at 14; Ex. B at 19. Similarly, Medicis Topic No. 19 and Dow Topic No. 28 seek 30(b)(6) testimony on "Whether Ziana® or any subject matter claimed or described in the patent-in-suit fulfills a long-felt but unmet need." D.I. 218, Ex. A at 13; Ex. B at 18. Plaintiffs' objections to these topics are proper, and Plaintiffs should not be required to produce a witness to testify on these contention topics.

**Additional Deposition of Dr. Gordon Dow**

This issue is now moot. The parties have agreed that Plaintiffs will produce Dr. Dow for a four-hour deposition restricted to questions reasonably related to documents produced by Plaintiffs after his first deposition. Ex. I (Meet and Confer Email, Sept. 26, 2012).

**Depositions of Seven Additional Medicis Employees**

Actavis also seeks additional depositions of seven Medicis employees. Plaintiffs objected to these depositions on the ground that Actavis served its deposition notices on the penultimate day of fact discovery (August 16, 2012) in contravention of the scheduling order in this case. Ex. J (Scheduling Order) at ¶ 3.a. ("All discovery in this case shall be initiated so that it will be *completed* on or before August 17, 2012" (emphasis added)). As Actavis's letter admits, some of these employees were disclosed in Plaintiffs' initial disclosures from nearly a year ago (Ex. K (Plaintiffs' Initial Disclosures)) yet Actavis waited until the day before the close of fact discovery to notice them. *See* D.I. 183-189.

Aside from being untimely, Actavis has not explained why it needs to depose *seven* employees on the same issue. ███████████████████████████████████████ ███████████████████████████████████ Much of their testimony, to the extent relevant

The Honorable Christopher J. Burke
September 27, 2012
Page 3

to the issues in this case, will be duplicative. *See* FED. R. CIV. P. 26(b)(2)(C) ("the court must limit the frequency or extent of discovery" if it determines that "the discovery sought is unreasonably cumulative or duplicative."). Moreover, four of these employees were recently deposed by Actavis (and its counsel of record in this case) in the Arizona contract case. And still further, Medicis is producing a 30(b)(6) designee next week on marketing and business topics. Nevertheless, in an effort to resolve this issue, Plaintiffs offered to: (1) review the deposition transcripts of the four individuals in the Arizona contract case and make those transcripts available for use by Actavis in this litigation, subject to redaction of material that has no connection with this case and reserving all evidentiary objections;[1] and (2) make one of the remaining three employees available for deposition. Actavis countered with a request that Plaintiffs produce both Justin Smith and Nathan Mitchell for deposition, but declined to explain why deposition of both individuals was not duplicative. Ex. I. Because these untimely depositions are unnecessary, duplicative and unduly burdensome, Plaintiffs are unable to accept this offer.

**Production of Redacted Documents**

Plaintiffs do not believe that Actavis's allegation of improper document redactions is ripe. Actavis first brought this issue to Plaintiffs' attention in a letter dated August 29, 2012. *See* Ex. L. Upon further investigation of Actavis's complaint, Plaintiffs informed Actavis that nearly all of the pages cited in the August 29 letter had been produced in unredacted form. *See* Ex. M. Thus, Plaintiffs requested that Actavis identify the exact pages it believed to be improperly redacted prior to filing a motion with the court so that the parties would have an opportunity to resolve the dispute. *Id.* Despite Plaintiffs' clear willingness to further engage on this issue, a position Plaintiffs reaffirmed during a September 24, 2012 meet-and-confer, Actavis chose to prematurely include its list of documents in its Opening Discovery Letter. *See* D.I. 218, Exs. K-L. Tellingly, Actavis even acknowledged that the parties could likely resolve this dispute without court intervention. *See id.* at 3, n.2 ("Plaintiffs have represented that after Actavis identifies all redactions Actavis believes are improper it might consider producing unredacted versions."). Plaintiffs maintain that their redactions have been proper, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This is consistent with the approach taken by Actavis. *See, e.g.*, D.I. 219, Ex. A. Nonetheless, to the extent that Plaintiffs can resolve any of Actavis's cited issues now that Actavis has provided the requested list, Plaintiffs will review the specific documents listed as allegedly containing improper redactions and, where appropriate, produce unredacted versions of any documents by October 5, 2012.

**Production of a Complete Copy of the Ziana NDA and Lab Notebook 781**

This issue was not ripe and is otherwise moot. Plaintiffs agreed to produce and did produce the NDA and Lab Notebook 781 on September 25, the day Actavis filed its letter request.

---

[1] As reflected in Actavis's letter, the parties were in discussion regarding the review and use of these transcripts prior to Actavis requesting an order compelling all seven depositions. *See* D.I. 218 at n. 1.

The Honorable Christopher J. Burke
September 27, 2012
Page 4

Respectfully,

Jack B. Blumenfeld (#1014)

JBB/dlw
Enclosures
cc: Clerk of Court (Via Hand Delivery; w/ encl.)
    Dominick T. Gattuso, Esquire (Via Electronic Mail; w/ encl.)
    Natalie C. Clayton, Esquire (Via Electronic Mail; w/ encl.)
    Michael A. Sitzman, Esquire (Via Electronic Mail; w/ encl.)